**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ERNEST C. KIRK,**
    Plaintiff,

                                  Case No. 09-15018
v.                           HONORABLE DENISE PAGE HOOD

**JAMES BOSTOCK, STEVEN JOHNSON,**
**EDWARD ARNOLD, NICK NEAMONITIS,**
**and CITY OF GROSSE POINT PARK, Jointly**
**and Severally,**

    Defendants.
_____

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment **[Docket No. 12, filed on June 21, 2010]**. Plaintiff filed a response on July 9, 2010 **[Docket No. 19, filed on July 9, 2010]**, to which Defendants filed a reply on July 19, 2010 **[Docket No. 20]**.

**II.    STATEMENT OF FACTS**

Defendants filed a motion for summary judgment requesting the Court dismiss the entirety of Plaintiff's lawsuit. Plaintiff, in his response brief, states that he does not oppose the motion for summary judgment as to Defendants City of Grosse Pointe Park, Steven Johnson, and Edward Arnold, and notes that Defendant Nick Neamonitis has been previously dismissed. Plaintiff also does not oppose dismissal of the state law battery claim. The only defendant remaining is Defendant James Bostock.

1

Plaintiff alleges that Defendant Bostock violated 42 U.S.C. § 1983, depriving Plaintiff of his First Amendment right to criticize the conduct of public officials without being subjected to retaliation, violating his Fourth Amendment rights not to be subjected to the use of excessive force by police officers, and violating his right not to be seized except upon reasonable suspicion or probable cause.

These claims arise out of an incident that occurred on May 1, 2009 around noon. The Grosse Point Park Public Safety Department received a call regarding a suspicious person in a white panel van with a trailer backed into Plaintiff's driveway and removing items from the home. Sergeant Steven Johnson and Officer James Bostock arrived at the scene. Plaintiff and a younger man, later identified as Alex Williams, were in the backyard, breaking up and removing excess concrete. Plaintiff alleges that he was trying to break up a lump of concrete with a sledge hammer, and did not see the officers approach. He turned and saw an armed man in plain clothes, and a uniformed officer pointing a gun at Mr. Williams. Plaintiff alleges that he expressed outrage and complained about the officers' conduct, and was handcuffed behind his back. After being handcuffed, the Plaintiff claims he was told to shut up several times. He also claims he experienced pain from Officer Bostock bending his fingers and hand backward.

Officer Bostock and the former defendants allege that, upon arriving at the house, they saw Plaintiff with a sledgehammer. The officers identified themselves and ordered Plaintiff to drop the sledgehammer. Defendants state that Plaintiff was initially not compliant, but then dropped the tool. Defendants claim that Plaintiff was belligerent, disorderly, and uncooperative. At this point, Plaintiff was allegedly handcuffed by Officer Bostock because he found Plaintiff's conduct to be inconsistent with that of someone who would be the homeowner. After the

handcuffs were removed, Lieutenant Edward Arnold arrived at the scene, and it was determined that Plaintiff was the homeowner. Defendants assert that Plaintiff never complained of pain, and the entire interaction transpired in a period lasting under ten minutes.

### III.   APPLICABLE LAW & ANALYSIS

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

### A.   Fourth Amendment Unlawful Seizure Claim

As Defendant notes in his reply brief, although Plaintiff's Complaint asserts that neither reasonable suspicion nor probable cause justified the seizure, Plaintiff concedes that "there is no issue as it relates to the original contact. There was indeed reasonable suspicion to investigate based upon a citizen's call about suspicious men." Plaintiff's Response Brief at 8. Therefore, any claim that an unlawful seizure fails and must be dismissed.

### B.   Excessive Force Claim

3

Plaintiff argues, under both the Fourth and Fourteenth Amendments, that Officer Bostock's use of handcuffs and physical contact with Plaintiff constitutes excessive force. Defendant argues that the use of handcuffs cannot constitute excessive force, as Plaintiff admittedly never told the officers that the handcuffs were hurting him, a prerequisite "for an excessive force claim based on unduly tight handcuffing to survive summary judgment." *See Solovoy v. Morabito*, [2010 WL 1687722, *5] (6th Cir. 2010). In response, Plaintiff argues that the excessive force claim is based on Defendant Bostock's bending and/or pulling Plaintiff's fingers, hand, and arms after Plaintiff had already been handcuffed.

Whether force is excessive depends on the circumstances surrounding the arrest or detention and the use of force, and is determined by what a reasonable, prudent police officer would do in those circumstances. *See*, *e.g., Amarillo v. Langley*, 651 SW2d 906 (Tex App 1983). In the Sixth Circuit, "there undoubtedly is a clearly established legal norm precluding the use of violent physical force against a criminal suspect who already has been subdued and does not present a danger to himself or others." *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009). Taking the facts in the light most favorable to the non-moving party, Plaintiff, having already been held at gunpoint and standing still with his hands up, was handcuffed prior to Bostock's alleged exercise of excessive force upon Plaintiff. Plaintiff testified in his deposition that he experienced pain, that Defendant bent his hand backwards, that each time he was told to "shut up" his hands were forced further up his back, and that he was appropriately cooperative with the officers. *See* Exhibit 4 to Defendant's Motion for Summary Judgment, Plaintiff's Deposition. Whether Defendant's actions constituted excessive force remains an issue of fact for the trier of fact. As the question remains whether Defendant Bostock's actions

4

were objectively reasonable, summary judgment is also improper as to whether qualified immunity applies.  *See*, *e.g., Amarillo v. Langley*, 651 SW2d 906 (Tex App 1983).

**C.     First Amendment Retaliation Claim**

Plaintiff argues that Defendant Bostock violated his First Amendment rights, as Defendant Bostock told him to "shut up and not say anything until [he] was told to," handcuffed, and bent his hand backwards causing physical injury only after Plaintiff complained about the officers' conduct.  Plaintiff argues that this was done in retaliation to Plaintiff's protected speech: criticizing a police officer.

Plaintiff's retaliation claim fails as a matter of law.  As noted in Defendant's Reply brief, the Supreme Court has held "that *all* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 394 (1989). In another case alleging excessive force as retaliation against plaintiffs exercising their First Amendment Rights, the United States District Court for the District of New Mexico relied on *Graham* in holding "to the extent that the Plaintiffs are alleging that Defendant's use of force or decision to arrest constituted retaliation in violation of the First Amendment, the Court finds that it must analyze these claims under the Fourth Amendment." *Montoya v. City of Albuquerque*, 2004 WL 3426436 (D.N.M. 2004).  This Court also believes that the *Graham* Court did not "contemplate[] First Amendment claims in every future excessive force claim" and declines to analyze the same set of facts under the First and Fourth Amendments.  *See id*.  As a matter of law, summary judgment in favor of Defendant Bostock is proper on this claim.

5

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment **[Docket No. 12, filed on June 21, 2010]** is GRANTED IN PART (with respect to the unlawful seizure claim and the claim under the First Amendment) and DENIED IN PART (with respect to the excessive force claim).

**IT IS FURTHER ORDERED** that Plaintiff's battery claim is DISMISSED.

**IT IS FURTHER ORDERED** that Defendants City of Grosse Pointe Park, Steven Johnson, and Edward Arnold are DISMISSED.

S/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 7, 2011, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Relief Case Manager, (313) 234-5165