**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERNEST C. KIRK,

        Plaintiff,

v.
                                                                                 Case No. 09-15018
                                                                                Honorable Denise Page Hood

JAMES BOSTOCK,

        Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION *IN LIMINE* AND GRANTING IN PART PLAINTIFF'S MOTION *IN LIMINE***

**I.  INTRODUCTION**

This is a 42 U.S.C. § 1983 involving alleged excessive police force. Now before the Court is Defendant's Motion *in Limine* [Docket No. 39, filed January 11, 2012] and Plaintiff's Motion *in Limine* [Docket No. 40, filed January 11, 2012]. Both matters have been fully briefed. For the reasons stated below, Defendant's motion is GRANTED IN PART and Plaintiff's motion is GRANTED IN PART.

**II.  BACKGROUND**

    **A. Procedural Background**

This action was filed in Wayne County Circuit Court in September 2009. In his Complaint, Plaintiff alleged violation of his First, Fourth, and Fourteenth Amendment rights and battery. The Defendants removed the action to this Court in December 2009 on the basis of federal question jurisdiction. Defendants Edward Arnold, James Bostock, the City of Grosse Pointe Park, and Steven Johnson filed a motion for summary judgment on June 21, 2010. The

1

matter was fully briefed and oral arguments were held on August 4, 2010.

On January 7, 2011, the Court granted in part Defendants' motion for summary judgment as to Plaintiff's unlawful seizure and First Amendment claims and dismissed City of Grosse Pointe Park, Steven Johnson, and Edward Arnold from the action. James Bostock is the remaining defendant.

### B. Factual Background[1]

These claims arise out of an incident that occurred on May 1, 2009 around noon. The Grosse Point Park Public Safety Department received a call regarding a suspicious person with a white panel van with a trailer backed into Plaintiff's driveway and removing items from the home. Sergeant Johnson and Officer Bostock arrived at the scene. Plaintiff and a younger man, later identified as Alex Williams, were in the backyard, breaking up and removing excess concrete. Plaintiff alleges that he was trying to break up a lump of concrete with a sledge hammer, and did not see the officers approach. He turned and saw an armed man in plain clothes, and a uniformed officer pointing a gun at Mr. Williams. Plaintiff alleges that he expressed outrage and complained about the officers' conduct, and was handcuffed behind his back. After being handcuffed, the Plaintiff alleges being told to shut up several times and experiencing pain from Officer Bostock bending his fingers and hand back.

Officer Bostock and the former defendants allege that, upon arriving at the house, they saw Plaintiff with a sledgehammer. The officers identified themselves and ordered Plaintiff to drop the sledgehammer. Defendants allege that Plaintiff was initially not compliant, but then dropped the tool. Defendants allege that Plaintiff was belligerent, disorderly, and uncooperative. At this point, Plaintiff was allegedly handcuffed by Officer Bostock because he found Plaintiff's conduct to be inconsistent with that of someone who would be the homeowner. After the

---

[1] These facts are adopted from the motion for summary judgment.

handcuffs were removed, Lieutenant Arnold arrived at the scene, and it was determined that Plaintiff was the homeowner. Defendants allege Plaintiff never complained of pain, and the entire interaction transpired in a period lasting under ten minutes

## III. LAW & ANALYSIS

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. A party must provide a written expert report, prepared and signed by the expert witness, including the following information: (1) all opinions that the witness will make and the basis of the opinions; (2) information used to form opinions; (3) any exhibits that will be used to summarize or support opinions; (4) the witness' qualifications, including all publications within the previous 10 years; (5) all cases that witness has testified or was deposed as an expert in the preceding four years; and (7) the witness' compensation for study and testimony. Fed. R. Civ. P. 26(a)(2)(B).

Defendant asks the Court to limit the scope of the testimony of Plaintiff's treating physicians, Drs. Chris Goldsby and James Dietz, because Plaintiff failed to provide an expert report pursuant to Federal Rule of Civil Procedure 26. Specifically, Defendant asks that the Court: (1) restrict testimony to facts known as a result of examination or treatment that are contained within medical records provided to Defendant; (2) prohibit testimony that discusses any opinion or diagnosis that is not specifically referenced in the medical records or based on personal knowledge; (3) prohibit any hearsay, including statements about allegedly excessive force used by Defendant; and (4) prohibit testimonial or documentary evidence regarding medical records not provided to Defendant.

Under Rule 26, a party is not required to submit an expert report for a treating physician if the physician testifies to issues relating to the plaintiff's treatment based on information learned during treatment and from plaintiff's records. *Fielden v. CSX Transp., Inc.*, 482 F.3d

3

866, 871 (6th Cir. 2007); *Potvin v. City of Westland Police Dept.*, 2007 WL 1975045, *4 (E.D.Mich. 2007); *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D.Tenn. 2002). "However, when the [treating physician's] opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995). As such, "an expert report is not required if the treating physicians' testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment." *Seymour v. United States Postal Serv.*, 2008 U.S. Dist. LEXIS 27722 (W.D. Tenn. Apr. 4, 2008); *see also Fielden*, 482 F.3d at 872-73; *Hawkins*, 210 F.R.D. at 211-12.

The Court will allow the treating physician to testify as to causation if such an opinion was required in the physician's treatment of Plaintiff. *See Fielden, supra* at 870. ("doctors may need to determine the cause of an injury in order to treat it. Determining causation may therefore be an integral part of 'treating' a patient.") If the basis of the treating physician's opinion regarding causation goes beyond what was required to treat Plaintiff, then it must be excluded. Plaintiff indicates that he will not ask the treating physician to opine on the opinions of other medical experts or any other information obtained outside the treating relationship. The Court will allow Plaintiff's treating physician to testify and give his opinion on matters regarding causation to the extent that such information was *required* to treat Plaintiff. Otherwise, the Court will exclude it.

Additionally, any hearsay statements, if made during the course of treatment and "reasonably pertinent to" treatment, may be testified to under the statements made for medical diagnosis exception to the hearsay rule. Fed. R. Evid. 803(4); *see also Id.* Adv. Note (4)

4

("Statements as to fault would not ordinarily qualify….Thus a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light.") For example, Plaintiff's treating physician may testify that Plaintiff indicated that he was struck but cannot testify that it was Defendant who struck Plaintiff. The Court will allow any hearsay statements that the treating physician "rel[ied] on … solely for treatment of [Plaintiff's] specific condition." *United States v. Narcisco*, 446 F.Supp. 252, 289 (E.D. Mich. 1977). Any statements going beyond that which was required to treat Plaintiff's condition must be excluded. The Court will entertain the appropriate jury instruction relative to this testimony, if appropriate and if instructed.

Plaintiff also requests the Court preclude the testimony of Paul J. Drouillard, DO, because Defendant failed to provide a proper expert disclosure. Defendant argues that Plaintiff never sought to depose Dr. Drouillard and that Defendant had a verbal agreement with previous counsel that discovery would not begin until after the summary judgment motion was decided. Defendant further argues that current counsel did not appear until December 9, 2011 and that Defendant did not think it appropriate to have direct correspondence with Plaintiff when he was unrepresented and in the process of obtaining counsel. Defendant believes that Plaintiff has sufficient time to prepare for trial and may depose Dr. Drouillard.

The Court has broad discretion to exclude untimely disclosed expert testimony. *Pride v. BIC Corp*, 218 F.3d 566, 579 (6th Cir. 2000). If a party fails to submit an expert disclosure, Rule 37(c) excludes the witness "unless the failure was substantially justified or is harmless." In place of or in addition to, the Court, upon motion, may order payment of reasonable expenses, inform the jury of the party's failure to disclose, or impose the sanctions listed in Rule 37(b)(2)(A)(i)-

5

(iv).[2] Fed. R. Civ. P. 37(c)(1). The party subject to sanctions has the burden of proving that his failure to disclose was either substantially justified or harmless. *Vaughn v. HomeGoods, Inc.*, 2008 WL 4239505, *2 (E.D. Mich. Sept. 11, 2008). "The Sixth Circuit has treated the 'harmless' requirement as referring to the nature of the party's failure to disclose and not the effect on the opposing party." *Id.* at *4.

Here, Defendant has not met his burden of showing that he was substantially justified or there was a harmless error. Dr. Drouillard's report failed to include a list of his qualifications, previous cases testified in, and statement regarding compensation. Defendant attempts to provide this information in his response to Plaintiff's motion *in limine*. However, the list of prior testimony does not include case names or case numbers and none of the provided documents are signed by Dr. Drouillard. Even if Defendant had a verbal agreement with Plaintiff's prior counsel, this was not communicated to present counsel. All discovery information should have been provided to present counsel once he appeared. In addition, Plaintiff's counsel should not be required to depose Dr. Drouillard without proper disclosures based on Defendant's failure. Defendant shall forthwith supply all proper disclosures regarding Dr. Drouillard. The Court requires Defendant to pay Plaintiff's reasonable costs of deposing Dr. Drouillard, if Plaintiff's counsel desires such deposition.

## IV.    CONCLUSION

---

[2] Such sanctions are:
    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

6

Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* **[Docket No. 39, filed January 11, 2012]** is **GRANTED IN PART**. The Court will allow testimony from Plaintiff's treating physician on causation to the extent that such information was necessary to treat Plaintiff's injuries/condition. The Court will also allow any hearsay statements to the extent that they were necessary to treat Plaintiff's injuries/conditions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion *in Limine* **[Docket No. 40, filed January 11, 2012]** is **GRANTED IN PART**. The Court orders Defendant to forthwith supply all proper disclosures regarding Dr. Drouillard and to pay reasonable expenses of the deposition of Dr. Drouillard, if Plaintiff's counsel elects to depose him.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager